**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. 13-17453 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00882-JAM-CMK |
| v. | |
| A. F. MUHAMMAD; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 10, 2015**

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner Kevin Bartholomew appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his placement in contraband watch.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Keenan v. Hall*, 83 F.3d

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1083, 1092 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment on Bartholomew's Fourth Amendment claim because Bartholomew failed to raise a genuine dispute of material fact as to whether the strip search was conducted in an unreasonable manner or performed for reasons other than institutional security. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971-72 (9th Cir. 2010) (en banc) (reasonableness of a search is evaluated in the light of the prison's primary objective of institutional security).

The district court properly granted summary judgment on Bartholomew's Eighth Amendment claim concerning defendants' conduct during the search. *See Keenan*, 83 F.3d at 1092 ("[V]erbal harassment generally does not violate the Eighth Amendment.").

The district court properly granted summary judgment on Bartholomew's Eighth Amendment conditions-of-confinement claim against defendant Webster because Bartholomew failed to raise a genuine dispute of material fact as to whether the failure to provide him with soap, a shower, or a blanket on one day denied him the "minimal civilized measure of life's necessities." *Id.* at 1089 (citations and internal quotation marks omitted); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (indicating that lack of sanitation

must be severe and prolonged to constitute an Eighth Amendment violation).

The district court properly granted summary judgment as to Bartholomew's Eighth Amendment conditions-of-confinement claim against other defendants because Bartholomew failed to raise a genuine dispute of material fact as to whether he suffered extreme deprivations constituting an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health[.]"); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.").

The district court properly granted summary judgment as to Bartholomew's Eighth Amendment deliberate indifference claim against defendant Shchebenko because Bartholomew failed to raise a genuine dispute of material fact as to whether defendant knowingly disregarded an excessive risk to his health or safety during contraband watch. *See Farmer*, 511 U.S. at 837 (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety").

Contrary to Bartholomew's contentions, any error concerning the failure to

provide Bartholomew with contemporaneous notice of the requirements to defeat summary judgment was harmless. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159-60 (9th Cir. 2013) (per curiam) (a district court's failure to provide contemporaneous *Rand* notice was harmless where the record, objectively viewed, showed that the prisoner knew and understood the information in the *Rand* notice).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**